UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WENJUAN XU,

           *Plaintiff,*

   -against-

J&L MANAGEMENT CONSULTING, INC., and
LIYUAN JIANG,

           *Defendants*.
------------------------------------------------------------------x

Index No. 26-3490

**<u>VERIFIED COMPLAINT</u>**

Plaintiff, by and through her counsel, RAN MUKHERJEE, P.C., as and for her Complaint against the Defendants, sets forth as follows:

1. Plaintiff WENJUAN XU ("XU") (a/k/a Alysia) was and still is a resident of the People's Republic of China.

2. Upon information and belief, Defendant J&L MANAGEMENT CONSULTING, INC. ("J&L MANAGEMENT") is a corporation formed under the laws of the State of New York, with a principal place of business at 40 Wall Street, 28th Floor, New York, NY 10005.

3. Upon information and belief, Defendant LIYUAN JIANG ("JIANG") (a/k/a Christina) was at all relevant times and still is a resident and domiciliary of the State of New York and the sole shareholder of J&L MANAGEMENT.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332 because there exists total diversity of citizenship, and the amount in controversy exceeds $75,000.00.

5. Venue is proper because upon information and belief the Defendants are both located in the Southern District of New York.

**RELEVANT FACT BACKGROUND**

6.      On or about April 24, 2022, Plaintiff and Defendants entered into a written Employment Consulting Agreement (hereinafter the "Agreement" attached hereto as **Exhibit 1**).

7.      Under the terms of the Agreement (set forth in parallel in English and Mandarin Chinese), Defendant agreed to provide employment consulting services to Plaintiff.

8.      Specifically, Defendants agreed to seek an appropriate employer for Plaintiff and to arrange for that employer to sponsor Plaintiff's Green Card application.

9.      The Agreement outlined three steps of service to be performed by Defendants. Step One involved seeking an appropriate employer and obtaining Foreign Labor Certificate sponsorship and approval; Step Two involved obtaining I-140 approval for an immigration petition for alien worker; and Step Three involved facilitating I-485 approval for Application to Register Permanent Residence or Adjust Status and obtaining a Green Card for Plaintiff XU.

10.     The total service fee under the Agreement was $120,000.

11.     The Agreement provided that the fee would be paid by Plaintiff XU in four installments.

12.     The Agreement stated that it would become valid upon receipt of the first payment of $30,000 from Plaintiff to Defendants.

13.     The Agreement contained certain refund provisions. If Defendants J&L MANAGEMENT and JIANG failed to complete Step 1 or Step 2, Defendants would refund "all service fees" to Plaintiff XU. If Defendants failed to complete Step 3 or Step 4, Defendants would refund "all charged fees", excluding certain fees, including application and other fees charged by the U.S. government.

14. Plaintiff paid three installments to the Defendants, a total of $93,030, pursuant to the Agreement.

15. Despite receiving $93,030 in payment, Defendants J&L MANAGEMENT and JIANG failed to perform any of their duties under the Agreement.

16. Defendants failed to seek an appropriate employer for Plaintiff XU.

17. Defendants failed to obtain Foreign Labor Certificate sponsorship or approval for Plaintiff.

18. Defendants failed to secure I-140 approval for Plaintiff.

19. Defendants failed to facilitate I-485 approval or Green Card issuance for Plaintiff.

20. Defendants provided no valuable services whatsoever to Plaintiff.

21. Plaintiff demanded that Defendants refund the $93,030 paid under the Agreement.

22. To date, Defendants have refused to refund any portion of the $93,030.

## FIRST CAUSE OF ACTION

### Breach of Contract—against Defendant J&L Management

23. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

24. Plaintiff XU and Defendant J&L MANAGEMENT entered into a valid and binding contract.

25. On or about April 24, 2022, Plaintiff XU and Defendant J&L MANAGEMENT executed the Agreement in which Defendant agreed to provide employment consulting and immigration services to Plaintiff in exchange for payment of $120,000.

26. Plaintiff performed her obligations under the Agreement by paying Defendant $93,030 in three installments, each pursuant to the terms of the Agreement.

27.    Pursuant to the language of the Agreement, the Agreement became valid upon receipt of the first payment from Plaintiff to Defendant.

28.    Defendant J&L MANAGEMENT failed to perform its obligations under the Agreement, despite Plaintiff's payment of $93,030.

29.    Defendant failed to seek an appropriate employer for Plaintiff as required by Step One of the Agreement.

30.    Defendant failed to obtain Foreign Labor Certificate sponsorship or approval as required by Step One of the Agreement.

31.    Defendant failed to secure I-140 approval as required by Step Two of the Agreement.

32.    Defendant failed to facilitate I-485 approval or Green Card issuance as required by Step Three of the Agreement.

33.    Defendant provided no services whatsoever to Plaintiff despite receiving $93,030 in payment.

34.    As a direct result of this breach of contract by Defendant J&L MANAGEMENT, Plaintiff has suffered damages in the amount of $93,030, representing the full amount paid to Defendant for services that were never rendered.

35.    The Agreement contained refund provisions requiring Defendant J&L MANAGEMENT to refund service fees to Plaintiff XU if the services failed, but Defendant has refused to honor these provisions despite Plaintiff's demand for a refund.

36.    Plaintiff XU has been damaged thereby.

## SECOND CAUSE OF ACTION

### Unjust Enrichment—against both Defendants

37.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

38.     Defendants were unjustly enriched by Plaintiff.

39.     Defendants received $93,030 in payment from Plaintiff in three installments pursuant to the Agreement.

40.     These payments enriched Defendants by $93,030.

41.     The $93,030 payment came directly from Plaintiff XU's own funds, paid to Defendants.

42.     Plaintiff made these payments in reliance on Defendants' promise to provide employment consulting and immigration services.

43.     It is inequitable for Defendant to retain said enrichment, as Defendants provided no services whatsoever in return for Plaintiff's $93,030 payment.

44.     Defendants failed to seek an employer for Plaintiff, failed to obtain any immigration approvals, and failed to perform any of the services promised.

45.     Defendants have refused to refund any portion of the $93,030 despite providing no services and despite Plaintiff's demand for a refund.

46.     Defendant's retention of $93,030 without providing any services in consideration is manifestly unjust and inequitable.

47.     Plaintiff XU has been damaged thereby.

**THIRD CAUSE OF ACTION**

**Fraud—against Defendant Jiang**

48.    Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49.    Defendant JIANG made material misrepresentations to Plaintiff.

50.    On or about April 24, 2022, Defendant JJIANG represented to Plaintiff XU that Defendant JIANG through her company J&L MANAGEMENT would seek an appropriate employer for Plaintiff and obtain Foreign Labor Certificate sponsorship and approval.

51.    Upon information and belief, Defendant J&L MANAGEMENT is the alter ego of Defendant JIANG, its sole shareholder.

52.    Upon information and belief, Defendant J&L MANAGEMENT does not observe proper corporate formalities or maintain the integrity of the corporate form but is a functional "piggy bank" for Defendant JIANG.

53.    Defendant JIANG represented that they would file form I-140, Immigrant Petition for Alien Workers, on behalf of Plaintiff.

54.    Defendant JIANG represented that they would facilitate I-485 approval for Application to Register Permanent Residence or Adjust Status and obtain a Green Card for Plaintiff.

55.    Defendant JIANG represented that they were ready, willing and able to perform the foregoing tasks and would perform them promptly for the Plaintiff's benefit.

56.    These representations were material, as they were the essential terms that induced Plaintiff to enter into the Agreement and pay Defendants $93,030.

57.    Defendant JIANG knew these representations were false, or made them with reckless disregard for their truth, for the purpose of inducing Plaintiff to pay Defendants.

58. Defendant accepted $93,030 from Plaintiff but never performed any of the promised services.

59. This demonstrates that Defendant had no genuine intent or ability to perform when the representations were made.

60. Defendant intended to induce Plaintiff's reliance on its own misrepresentations.

61. Defendant made these representations with the intent to induce Plaintiff to enter into the Agreement and pay $93,030, pursuant to the Agreement.

62. Defendant's representations were both oral and also set forth in the Agreement and were the basis for Defendant's demand for payment.

63. Plaintiff reasonably relied on Defendant's misrepresentations.

64. Plaintiff had no reason to know that Defendant would not perform the promised services or was not in fact ready, willing or able to perform them.

65. Plaintiff paid $93,030 in three installments based on Defendant's promises and in reliance thereof.

66. As a direct result of Plaintiff's reliance on Defendant's fraudulent representations, Plaintiff XU paid $93,030 and received no services in return.

67. Plaintiff XU has been damaged thereby.

68. No other case or action has been initiated seeking the relief sought in any of the three causes of action set forth in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff WENJUAN XU demands judgment against Defendants J&L MANAGEMENT CONSULTING INC. and LIYUAN JIANG, as follows:

a) On the First Cause of Action, as against Defendant J&L MANAGEMENT CONSULTING INC., compensatory damages according to proof but in no event less than $93,030; and

b) On the Second Cause of Action, as against Defendants J&L MANAGEMENT CONSULTING INC. and LIYUAN JIANG, compensatory damages according to proof but in no event less than $93,030; and

c) On the Third Cause of Action, as against Defendant LIYUAN JIANG, compensatory damages according to proof but in no event less than $93,030; and

d) On all Causes of Action, reasonable legal fees, costs and disbursements of this action, prejudgment and post-judgment interest; and

e) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
        April 23, 2026

**RAN MUKHERJEE, P.C.**
*Counsel for Plaintiff Wenjuan Xu*

By: _____
Ran Mukherjee (RM8436)

356 Wythe Avenue, Suite 300
Brooklyn, New York 11249
(646) 998-4240 direct dial
(917) 591-4999 fax
rm@rmlawny.com